UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL MANCINA,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIRLINES, INC.,<br><br>Defendant. | Case No. 25-cv-13108<br><br>Honorable Robert J. White |

**ORDER GRANTING MOTION TO DISMISS**

This removal action involves Plaintiff Daniel Mancina's state-law disability discrimination claims against Defendant Delta Airlines, Inc. (Delta), alleging that Delta's website and mobile application are inaccessible and deny equal access to its services in violation of Michigan law. (ECF Nos. 1, 3). Before the Court is Delta's motion to dismiss. (ECF No. 8). The Parties fully briefed the motion and the Court will decide it without oral argument pursuant to Local Rule 7.1(f)(2). Because Plaintiff's claims are preempted by federal law, the Court grants the motion.

## I. Background

Plaintiff is blind and utilizes a "VoiceOver" program, which allows his use of websites and mobile applications by reading content aloud. (ECF No. 3, PageID.37).[1] He is also a Delta SkyMiles member who frequently travels with Delta. (ECF No. 3, PageID.40-41). Delta operates both a website and mobile application, through which it advertises and offers its services (flights) to the public. (ECF No. 3, PageID.38). However, the inaccessibility of both Delta's website and mobile application prevented Plaintiff from independently booking his travel through these platforms at least 20 times since May 2024, while also precluding his use of certain SkyMiles member benefits. (ECF No. 3, PageID.41-43, 48-52).

Plaintiff asserts two claims both alleging Delta's failure to provide equal access to its services under the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL 37.1101 *et seq.*, one each concerning the inaccessibility of Delta's website and mobile application, respectively. (ECF No. 3, PageID.54-73). According to Plaintiff, (1) the website and application are integral to accessing Delta's "core air travel services," and (2) Delta "has denied Plaintiff full and equal access to [these] services" "[b]y making its Website and Mobile App inaccessible to

[1] Given the applicable standard of review, the underlying facts of this case are derived from the well-pleaded allegations in Plaintiff's operative complaint.

blind and visually impaired users, including Plaintiff[.]" (ECF No. 3, PageID.47-48).

Delta now moves to dismiss Plaintiff's claims. (ECF No. 8). According to Delta, Plaintiff's claims lack merit because (1) they are preempted by federal law and (2) the website and application are not places of public accommodation under the PWDCRA. (ECF No. 8, PageID.181, 183-93).

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 882 (6th Cir. 2023) ("In analyzing a 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true.") (cleaned up).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. "But a pleading must go

beyond 'labels and conclusions' or a mere 'formulaic recitation of the elements of a cause of action.'" *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

## III. Analysis

### A. Preemption

Federal statutes may preempt state laws in one of three ways. First, "Congress may withdraw specified powers from the States by enacting a statute containing an express preemption provision." *Arizona v. United States*, 567 U.S. 387, 399 (2012). "Field preemption" is the second: "[T]he States are precluded from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." *Id.* Field preemption requires "a fieldwork of regulation 'so pervasive that Congress left no room for the States to supplement it' or where there is a 'federal interest so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.* (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)) (ellipsis removed). Third, preemption is implied when a state law conflicts with federal law.

*Id.* "Conflict preemption" arises "where compliance with both federal and state regulations is a physical impossibility," or "where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress[.]" *Id.* at 399-400 (internal quotation marks and citations omitted).

Delta argues that Plaintiffs' claims are completely preempted, either (1) under the express provisions of the Airline Deregulation Act (ADA) or (2) because the Air Carrier Access Act (ACAA) pervasively regulates the field "of airlines, their websites, and their mobile applications[.]" (ECF No. 8, PageID.183-92). The Court agrees in part. Specifically, the ACAA applies field preemption to the applicable duties owed by Delta concerning website and mobile application accessibility, but state remedies remain available. But Plaintiff's claim specific to Delta's mobile application is preempted and not viable because the ACAA does not impose any specific obligations for application, as opposed to website, accessibility. In contrast, both Plaintiff's claims are completely preempted by the ADA.

**1. The ACAA**

Concerning field preemption and the ACAA, the recent case of *Miller v. Delta Air Lines, Inc.*, 745 F. Supp. 3d 543, 550 (E.D. Mich. 2024), is particularly instructive. In *Miller*, the plaintiff, a disabled paraplegic, brought a state-law negligent-infliction-of-emotional-distress claim against Delta after he was allegedly denied assistance using the bathroom during a flight. *Id.* at 564. Relying on *Greene*

*v. B.F. Goodrich Avionics Sys.*, 409 F.3d 784, 786 (6th Cir. 2005), and other similar cases, the *Miller* Court concluded that the ACAA's duties preempted Michigan's standard of care, but that state-law remedies remained available such that the plaintiff's negligence claim was not completely preempted. *Miller*, 745 F. Supp. 3d at 551; *see also Greene*, 409 F.3d at 795 ("We agree with the Third Circuit's reasoning in *Abdullah*[ *v. Am. Airlines, Inc.*, 181 F.3d 363 (3rd Cir. 1999),] that federal law[—specifically, the Federal Aviation Act (FAA)—]establishes the standards of care in the field of aviation safety and thus preempts the field from state regulation.").

Further, numerous courts within this district have followed *Miller*'s approach in similar cases. *See Allen v. Spirit Airlines, Inc.*, 981 F. Supp. 2d 688, 692 (E.D. Mich. 2013) ("Therefore, under *Abdullah* as adopted by *Greene*, traditional state law remedies continue to exist based upon violations of the federal standard of care.") (cleaned up); *Naples v. Delta Airlines, Inc.*, No. 13-11257, 2013 U.S. Dist. LEXIS 183178, at *12-14 (E.D. Mich. Dec. 30, 2013), adopted by 2014 U.S. Dist. LEXIS 5535 (E.D. Mich. Jan. 16, 2024) ("Even if field preemption applies, the existence of federal preemption does not necessarily equate to a finding that state law causes of action are unavailable since only the standard of care is preempted. . . . [T]he FAA and its attendant regulations do not completely preempt the field but rather provide

ordinary preemption. I therefore suggest that Plaintiff's state law negligence claim is not barred as preempted.").

Critically, the ACAA explicitly prohibits discrimination by airlines against passengers with disabilities. *See* 49 U.S.C. 41705. And in implementing the ACAA, the Department of Transportation (DOT) has issued detailed standards and requirements to ensure carriers provide nondiscriminatory service to passengers with disabilities. *See* 14 C.F.R. Part 382. Indeed, the DOT provides specific requirements to ensure that airlines' "primary Web sites are accessible." *See* 78 F.R. 67882; *see also* 14 C.F.R. 382.43.

Similar to the FAA and air safety, the Court concludes that the ACAA and its implementing regulations thus preempt the field of disability accommodation for air carriers, but that state remedies remain available for the violation of the federal duties imposed. Delta seeks to distinguish the aforementioned cases allowing state claims to proceed because they dealt with common-law negligence claims. But the Court here finds this distinction immaterial. Specifically, the applicable governing legal premise is that a plaintiff cannot recover under state law for violations of state-imposed duties that are inconsistent with or go beyond the federal requirements in a preempted field; in contrast, a plaintiff can still recover under state law for violations of federally-imposed duties (i.e., they can pursue state-law remedies in a preempted field if seeking only to enforce a federal duty/standard of care).

Delta here fails to substantively explain why the rule should not apply to statutory state-law claims like Plaintiffs', and the Court has found no authority supporting such a distinction. Rather, even if a party seeks recovery under a state's statute, the inquiry is the same—does the statutory claim rely on the violation of duties inconsistent with or beyond those imposed by federal law? The Court therefore declines to dismiss Plaintiff's claims as preempted by the ACAA so long as they rely on the violation of federal duties applicable in the given field of disability accommodation for air carriers.

The Court must therefore address the absence of any specific federal duties imposed concerning accessibility of an airline's mobile application. For this issue, *Allen*, 981 F. Supp. 2d 688, is especially persuasive. *Allen*, after acknowledging that the FAA generally preempts the standard of care for airline safety but not state-law claims based on violations of the federal standard, dismissed the plaintiff's negligence claim as implicitly preempted because it sought to impose obligations absent from federal aviation law. *Id.* at 693-99.

Similarly here, it is undisputed that the applicable regulations extensively address website accessibility but remain silent on mobile application accessibility. So the ACAA, which extensively regulates passenger accessibility, imposes no specific duty to ensure the accessibility of an airline's application. The Court therefore concludes, like in *Allen*, that Plaintiff's claim related to the inaccessibility

of Delta's application is implicitly preempted by the ACAA and must be dismissed. Plaintiff's claim concerning Delta's website, in contrast, clearly asserts liability only due to Delta's alleged failure to meet the federal requirements for website accessibility, so this claim is not implicitly preempted.

To the extent Plaintiff argues that the absence of any federal requirements for mobile application accessibility precludes the existence of a pervasive federal scheme, the Court disagrees. First, it is clear that the federal government has a dominant interest in the aviation industry, including aspects of both safety and accessibility. And as discussed, federal regulations provide detailed standards and requirements to ensure carriers provide nondiscriminatory service to passengers with disabilities. This includes mandating accessibility standards not only for airline's primary websites, but for ticketing kiosks, airport facilities, and aircrafts.

This is not to say that the inaccessibility of airline's mobile applications is not a problem to be taken seriously. "Rather, the lesson here is that, given the comprehensive statutory and regulatory structure outlined here, the appropriate forum for addressing these issues is either Congress or the regulatory process."[2] *See Allen*, 981 F. Supp. 2d at 699.

---

[2] It appears the federal government deliberately chose to mandate accessibility requirements for primary websites only while exempting all other digital platforms, including mobile applications. *See* 78 F.R. 67882 at 67,893 ("The Department unequivocally supports full accessibility of all electronic information and communication technologies used by the air transportation industry to interface with

**2. The ADA**

The ADA was enacted in 1978 to promote "efficiency, innovation, and low prices" in the airline industry. 49 U.S.C. § 40101(a)(12)(A). The ADA, in contrast to the ACAA, includes an express preemption provision. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378-79 (1992) ("To ensure that the States would not undo federal deregulation with regulation of their own, the ADA included a pre-emption provision[.]"). Specifically, the provision prohibits states from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier . . . ." 49 U.S.C. § 41713(b)(1).

"The preemption clause's causation requirement is broadly construed." *Headstream Techs., LLC v. FedEx Corp.*, No. 22-1410, 2023 U.S. App. LEXIS 2680, at *6 (6th Cir. Feb. 1, 2023) (unpublished); *see also Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 223 (1995) (noting that *Morales* defined the predecessor to the ADA preemption clause's "related to" language as "having a connection with, or reference to," air carrier prices, routes, or services). "That said, some claims may affect air carrier pricing or service in a manner 'too tenuous, remote, or peripheral' for preemption to apply." *Headstream*, 2023 U.S. App. LEXIS 2680 at *6.

---

its customers. We believe that certain factors, however, preclude introducing new accessibility requirements for electronic information and communication technologies other than [primary] Web sites at this time.").

"At issue, then, is whether [Plaintiff]'s [state] law claims are sufficiently 'related to' a service of [Delta] to merit ADA preemption." *Id.* The Sixth Circuit, however, has "not establish[ed] a definitive taxonomy of ADA preemption," *id.*, and the Court knows of no cases within this circuit addressing this issue under similar facts involving an airline's website or mobile application.

As an initial matter, Plaintiff essentially relies on the same argument to avoid preemption under both the ACAA and ADA—that while federal law preempts the applicable duties in this case, it does not completely preempt the ability to bring state law claims that rely on federally-imposed duties. But the cases on which Plaintiff principally relies—the *Abdullah*, *Greene*, *Allen*, and *Naples* decisions mentioned above—only resolved the issues of field or implicit preemption with respect to the FAA or ACAA. None substantively discuss the ADA, nor the extent of the ADA's explicit preemption provision.

Further, those cases addressing ADA preemption support that if preemption applies, the preemption is complete and makes state remedies (and statutory state claims like those here) unavailable. *See Headstream*, 2023 U.S. App. LEXIS 2680 at *11 (state law claims—not just the applicable standard of care or duties—preempted under the ADA when "based on mishandling and misdelivery of the package—i.e., FedEx's services"); *Wolens*, 513 U.S. at 226-29 (Illinois Consumer Fraud Act claims preempted when based on airline's administration of its frequent

flyer program); *see also Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1254 (11th Cir. 2003) ("[S]o long as the state law action has a connection with airline prices, routes or services, pre-emption under § 41713 is mandated."); *Fitzpatrick v. Simmons Airlines*, 218 Mich. App. 689, 691-93 (Mich. Ct. App. 1996) (affirming summary judgment as to claims under Michigan's Civil Rights Act due to ADA preemption).

Next, the Court concludes that Plaintiff's claims are sufficiently related to Delta's services and rates to merit ADA preemption, particularly given the broad construction required of the ADA's preemption provision. Critically, both Plaintiff's claims arise from the alleged inaccessibility of Delta's website and application that prevented him from independently booking flights through the platforms. Certainly the ability to book tickets has more than a tenuous connection to Delta's services. Indeed, Plaintiff specifically alleges that the website and application are *integral* to accessing Delta's services. And Plaintiff's claim that he was deprived SkyMiles member rewards similarly implicates the services Delta offers. Plaintiff also essentially alleges that reduced rates available only by booking through the website and application force blind passengers like himself to pay more for flights.

Given these allegations, the claims are connected to both Delta's services and rates, and not in a mere tenuous, remote, or peripheral manner. The court therefore

concludes that both Plaintiff's claims here are completely preempted by the ADA and must be dismissed.

## IV. Conclusion

In sum, the ACAA applies field preemption to the applicable duties owed by Delta concerning website and mobile application accessibility, but state remedies remain available. But Plaintiff's claim specific to Delta's mobile application is preempted and not viable because the ACAA does not impose any specific obligations for application, as opposed to website, accessibility. In contrast, both Plaintiff's claims are completely preempted by the ADA. And because all Plaintiff's claims in this action are preempted, the Court will not address Delta's alternate basis for dismissal concerning places of public accommodation under the PWDCRA.

In closing, nothing herein should be read to allow airlines to violate federal accessibility standards with impunity. Rather, the DOT provides a specific process through which a blind passenger faced with an inaccessible airline website can file a complaint for investigation as to whether a violation of the ACAA's accessibility requirements occurred. *See* U.S. Department of Transportation, *Airline Passengers with Disabilities Bill of Rights*, §§ 3, 10 (Feb. 5, 2025), https://www.transportation.gov/airconsumer/disabilitybillofrights (accessed Sept. 10, 2026).

* * *

For the reasons given, the Court ORDERS that the motion to dismiss (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE.

Dated: September 14, 2026

s/Robert J. White
Robert J. White
United States District Judge